# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLEY HUGHES,**

    **Plaintiff,**

    v.                                    CASE NO. 19-3014-SAC

**DAN SCHNURR, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5.) Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").

## I. Nature of the Matter before the Court

Plaintiff alleges that on April 17, 2017, his monthly subscription of San Francisco Bay View Newspaper was censored by Defendant Brooke Combs. Plaintiff appealed the censorship and his appeal was denied by Defendant Doug Burris. Plaintiff also alleges that Defendants censored Plaintiff's Socialist Viewpoint publication. Plaintiff alleges that the news that is reported in the newspaper and magazines is also reported on TV and radio as well as in other newspapers that are allowed into the prison, such as USA Today, prison legal news and local papers. Plaintiff also claims that Defendants did not notify the publisher that the publications were being censored. Plaintiff claims violations of his First Amendment rights and to his Fourteenth Amendment right to equal protection.

Plaintiff names as defendants: Dan Schnurr, HCF Warden; Brooke Combs, Publication Review Officer; Doug Burris; and Pat Keen. Plaintiff seeks nominal damages, compensatory

1

damages of $1,000.00, a declaratory judgment, and a permanent injunction enjoining Defendants from withholding his subscription of Bay View and Socialist Viewpoint.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff takes issue with HCF staff censoring his publications. Plaintiff acknowledges in his Complaint that he has brought a previous lawsuit regarding censorship of his publications. (Doc. 1, at 4.) Plaintiff refers to Case No. 15-3158-EFM-GEB, and alleges that the case is "currently on appeal." *Id*. However, the appeal was dismissed as untimely on February 14, 2018. *See Hughes v. Bos*, No. 18-3008 (10th Cir. Feb. 14, 2018) (dismissing appeal in Case No. 15-3158-EFM-GEB). In Plaintiff's previous case, the Court granted Defendants Bos and Shipman's motion for summary judgment, finding that they were entitled to qualified immunity. *Hughes v. Bos*, No. 15-3158-EFM-GEB, at Doc. 62. In the Memorandum and Order, the Court found that:

> During 2015 and 2016, Plaintiff had a total of 16 publications censored and denied pursuant to K.A.R. 44-12-601 and I.M.P.P. 12-134 Uniform Review of Publication. The stated reason for the censorship was that the publications posed a threat to the safety and security of the institution. The censored publications include: "The San Francisco Bay View National Black Newspaper," "Turning the Tide," "The Burning Spear," "Change-Links Community Calendar & News," "MIM Theory, Psychology Imperialism Issue 9," "Instead of Prisons," "The CR Abolition Organizing Tool Kit by Shana Agid," "Abolition Now," and "Under Lock & Key." In addition, an item of mail sent to Plaintiff containing an article concerning the New Afrikan Black Panther Party was censored pursuant to K.A.R. 44-12-325.

*Id*. at Doc. 62, p. 2–3. The Court noted that employees of the State of Kansas and KDOC share the State's Eleventh Amendment immunity for suits against them in their official capacities. *Id*. at p. 4. The Court also concluded that K.A.R. 44-12-601(d)(1)(A), which allows prison officials to censor material that could pose a threat to prison order or security, was rationally related to the legitimate penological interest of maintaining prison order and security and was reasonably applied in that case. *Id*. at p. 8 ("Defendants have produced affidavits from Defendants which

state that the publications at issue depict gang violence, symbolism of security threat groups, race-based violence, violent and gory images, and articles that are inflammatory toward law enforcement officers. The subject matter of these publications could cause a reasonable prison official to believe that the publications may threaten prison security.")

Plaintiff now takes issue with the censorship of another issue of the San Francisco Bay View Newspaper and the Socialist Viewpoint. The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of HCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of HCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendant shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operation of HCF are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of HCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 1st day of May, 2019.**

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**